STATE OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY FRANK PRODUCTIONS LLC,
a New York limited liability company,

    Plaintiff,

v

MICHIGAN FILM OFFICE, a governmental
Agency, and MICHIGAN FILM OFFICE, a
Governmental agency,

    Defendants.

Case No. 2:11-cv-10933-GER-MKM

HON. GERALD E. ROSEN

Deborah K. Schlussel (P56420)
Attorney for Plaintiff
29477 Laurel Woods Drive
Southfield, MI  48034
248-354-1409

M. Kathleen Markman (P44739)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

                                                            /

**MOTION TO DISMISS**

Defendants, Michigan Film Office and Michigan Department of Treasury,[1] through their attorney M. Kathleen Markman, move under Federal Rule of Civil Procedure 12 (b)(1), (2), (3) and (6), to dismiss Plaintiff's Complaint and in support state:

1. Defendants are entitled to 11th Amendment immunity. Defendants, Michigan Film Office and Michigan Department of Treasury, State of Michigan, are not subject to federal jurisdiction resulting from a lawsuit by a citizen of another state. The case should be dismissed due to lack of jurisdiction over the subject matter or lack of jurisdiction over the person (state agency and state department), as provided by Federal Rules of Civil Procedure 12(b)(1), (2). Plaintiff seeks money damages, an injunction and declaratory relief against the State. Plaintiff's claims against the State are barred by U.S. Const., Amend XI. Jurisdictional immunity has not been waived.

2. The court is without jurisdiction under 28 U.S.C. 1332. Plaintiff is a citizen of New York. (Complaint, Ct. Dkt #1, ¶1). However, Defendants, as a state department and state agency, cannot be used to establish diversity jurisdiction.

3. Plaintiff's basis for venue in the eastern district of Michigan in accordance with 28 U.S.C. 1391 is inaccurate. (Complaint, Ct Dkt #1, ¶10). Both the Department of Treasury and the Michigan Film office are located in Lansing, Michigan, which is within the western district Michigan, and decisions relating to the application were made there. Plaintiff's claims should be dismissed for improper venue, as provided by Federal Rules of Civil Procedure 12(b)(3).

4. The court has no jurisdiction or should decline to exercise supplemental jurisdiction over alleged violations of state statute or state law, e.g., MCL 208.1455, MCL 24.201

---

[1] The complaint states Michigan Department of Treasury, Business Tax Division. There is no division with that name.

*et seq,* as alleged in counts 1-6 of the Complaint.  As provided by 28 U.S.C. 1367(c), the district court may decline to exercise supplemental jurisdiction.

5. The alleged violations of Amendment 14 due process and equal protection indicated in counts 7 and 8 of the Complaint relate to actions taken pursuant to state law.  There is no alleged violation of federal law or other reference to United States constitutional law.

6. Plaintiff fails to state a claim upon which relief can be granted.  Thus this action should be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendants respectfully request that this court grant its Motion to Dismiss the Complaint, and award Defendants attorney's fees, costs and expenses in defending this action.  Further, Defendants request that the Court deny Plaintiff's claim for attorney fees, costs, interest and expenses.

                              Respectfully submitted,

                              Bill Schuette
                              Attorney General

                              s/ M. Kathleen Markman
                              M. Kathleen Markman (P44739)
                              Assistant Attorneys General
                              Attorney for Defendants
                              Michigan Department of Attorney General
                              State Operations Division
                              P.O. Box 30754
                              Lansing, MI 48909
                              (517) 373-1162

Dated:  July 28, 2011                 markmank@michigan.gov

STATE OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY FRANK PRODUCTIONS LLC,
a New York limited liability company,

    Plaintiff,

v

MICHIGAN FILM OFFICE, a governmental
Agency, and MICHIGAN DEPARTMENT OF
TREASURY, BUSINESS TAX DIVISION, a
Governmental agency,

    Defendants.

Case No. 2:11-cv-10933-GER-MKM

HON. GERALD E. ROSEN

---

Deborah K. Schlussel (P56420)
Attorney for Plaintiff
29477 Laurel Woods Drive
Southfield, MI  48034
248-354-1409

---

M. Kathleen Markman (P44739)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

    /

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

<u>**INTRODUCTION**</u>

1

In this litigation, Plaintiff, a New York corporation, alleges on September 18, 2009, it submitted an application for consideration of a film production incentive agreement, which was denied on September 30, 2009. (Complaint, Ct Dkt #1, ¶44-45). Plaintiff alleges pursuant to state law, including MCL 208.1455, the application should have been granted. Plaintiff alleges it requested reconsideration of the denial to no avail. Even though Plaintiff had no contract (Michigan film production incentive agreement) with the State and thus, no possibility for tax credit relating to the production, Plaintiff further alleges that it proceeded to incur expenses and film a pilot for a possible television show. Plaintiff requests injunctive relief, declaratory relief and damages relating to alleged violations of state law.

The Michigan Film Office is statutorily located within the Michigan Strategic Fund, which is a public body corporate and politic within the Michigan Department of Treasury. MCL 125.2029a. MCL 125.2005. As provided by MCL 125.1455,[2] the Michigan Film office, with the concurrence of the Michigan Department of Treasury, makes the determination whether to enter into an agreement with an eligible production company. Approval of the application is discretionary. MCL 208.1455(1). The film tax credit, if granted, is a credit against the Michigan Business Tax. MCL 208.1455 (5), (8).[3] Resolution of state tax issues is within the jurisdiction of the Michigan Department of Treasury and State Court of Claims. MCL 205.1. MCL 208.1513. MCL 208.21. MCL 208.22.

The Court should dismiss this matter because Defendants claim jurisdictional immunity under the 11th Amendment to the United States Constitution, improper venue, lack of diversity

---

[2] MCL 208.1455 was repealed by 2011 PA 39, effective when conditions applied by enacting section 1 of that Act are met.
[3] The Department of Treasury is the agency in the State of Michigan responsible for the collection of taxes, including the Michigan Business Tax (MBT) and determination of any credit set off against the MBT and the administrative process used. MCL 205.1. MCL 208.1513. MCL 208.21. MCL 208.22. See, *Tyson Foods, Inc. v Department of Treasury*, 276 Mich App 678, 684-685; 741 NW2d 579, 582-583 (2007).

2

jurisdiction, lack of jurisdiction over state claims as well as 14th Amendment claims relating solely to state law and state claims, and failure to state a claim for relief. This Court should dismiss the case. Fed. R. Civ. P. 12 (b)(1) and (2), Fed. R. Civ. P. 12 (b)(3), Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

When reviewing a complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate where the Court lacks subject matter jurisdiction over a plaintiff's claim. Motions to dismiss for lack of subject-matter jurisdiction fall into two categories: facial attacks and factual attacks. In reviewing a facial attack, a challenge to the sufficiency of the pleading itself, the Court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. However, a Rule 12(b)(1) factual attack is not a challenge to the sufficiency of the pleading's allegations but to the factual existence of subject-matter jurisdiction. The Rule 12(b)(1) factual-attack analysis does not require a presumption of truth with respect to the facts alleged in the complaint. *U.S. v Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). Furthermore, a court may, on its own initiative, dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) where the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

In reviewing a complaint under Rule 12(b)(2), federal courts will take as true the allegations of the non-moving party with regard to those jurisdictional issues and resolve all factual disputes in the non-moving party's favor. *Bird v Parsons,* 289 F.3d 865, 871 (6th Cir. 2002). The plaintiff is charged with the burden of showing that the federal court has the appropriate jurisdiction. *Bird v Parsons,* 289 F.3d at p. 871.

As provided by Rule 12(b)(3), dismissal is appropriate where a plaintiff fails to properly establish venue is proper in the court in which the complaint was filed.

As provided by Rule 12(b)(6), dismissal is appropriate where a plaintiff fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, a court must construe a complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences. *Conley v Gibson,* 355 U.S. 41, 45 (1957). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v Iqbal*, __US __; 129 S. Ct. 1937, 1949 (2009). In deciding whether the Plaintiff has set forth a plausible claim, the Court accepts the factual allegations in the complaint as true, but this presumption is not applicable to legal conclusions. *Ashcroft,* 129 S. Ct. at 1949.

## ARGUMENT

I. **The Court lacks jurisdiction over Plaintiff's claims as to Defendants because Defendants are entitled to Eleventh Amendment Immunity.**

The Eleventh Amendment to the United States Constitution immunizes states from suit by private citizens. *Pennhurst State School and Hospital et al v Halderman et al*, 465 U.S. 89 (1983). (*Abick v State of Michigan*, 803 F.2d 874, 876 (6th Cir. 1986) holding Michigan and its agency, the State Judicial Council, under the eleventh amendment, are immune from an action for damages or injunctive relief in federal court.) See, *Seminole Tribe of Florida v Florida*, 517 U.S. 44 (1996). *Harris v Crowley*, 2006 U.S. Dist LEXIS 27041 (May 8, 2006). In the absence

4

of consent, the Eleventh Amendment bars a suit in which the State or, one of its agencies or departments, (including the Defendants) are named as the defendant. *Pennhurst State School and Hospital et al v Halderman et al*, 465 U.S. at 98. Thus, the State of Michigan, along with its various departments and agencies and officials, cannot be sued in federal court by a citizen of another state, as Plaintiff is here (a citizen of New York), nor by a Michigan citizen. *Idaho v Coeur d'Alene Tribe,* 521 U.S. 261, 270 (1997). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment expressly prohibits suits against states by citizens of other states. As a lawsuit initiated by a New York citizen against the State of Michigan Film Office and State of Michigan Department of Treasury, the instant lawsuit falls squarely within this prohibition.

Defendants are entitled to Eleventh Amendment immunity and thus immune from suit for damages or injunctive relief or declaratory relief absent consent. See, *Pennhurst State School and Hospital et al v Halderman et al*, 465 U.S. at 100. ("[I]n the absence of consent a suit in which the state or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment."); see also, *Papasan v Allain*, 478 U.S. 265 (1986); *Alabama v Pugh*, 438 U.S. 781 (1978). Consistent with the relief sought in the instant complaint and the nature of Plaintiff's lawsuit, Defendants, the Michigan Film Office and the Department of Treasury, are agencies or departments within the state of Michigan clearly entitled to Eleventh Amendment immunity. A suit is against the sovereign (State) if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the government from acting or compel it to act. *Pennhurst State*

5

*School and Hospital et al v Halderman et al*, 465 U.S. at 101 n. 11. Both defendants fall within these criteria.

Further, Plaintiff has established no violation of federal law sufficient to support sweeping intervention by the federal courts with their equity powers. Defendants are entitled to Eleventh Amendment immunity.

## II.  Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. 1332.

A state, as well as a state agency or state department, such as Defendants Michigan Film Office and Michigan Department of Treasury, are not citizens for purposes of establishing diversity jurisdiction. A state is not a "citizen of a state" for purposes of diversity jurisdiction. *Moor v Alameda County*, 411 U.S. 693,717 (1973). Under the diversity statute, 28 U.S.C. 1332, the federal court has original jurisdiction of a civil action where the matter is between "citizens of different states" and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. However, a suit between a state and a citizen or corporation of another state is not as suit between citizens of different states and the court of the United States has no jurisdiction over the suit on that basis. *Postal Tel. Cable Co. v Alabama*, 155 U.S. 482, 487 (1894). Also, a suit between the alter ego or arm of a state and a citizen of another state is not a suit between citizens of different states. *University of S. Alabama v American Tobacco Co*. 169 F.3d 405, 412 (11th Cir. 1999). *Tradigrain, Inc. v Mississippi State Port Authority*, 701 F.2d 1131 (5th Cir. 1983). The Michigan Department of Transportation was held to be an alter ego of the State of Michigan and therefore had no citizenship establishing diversity jurisdiction. *Michigan Department of Transportation v Allstate Painting & Contracting co.* No. 2:08-cv-286, 2009 WL 891702 (W.D. Mich. March 31, 2009). The analysis used to determine whether the state agency or department is a citizen for purposes of diversity is similar to that used to

6

determine 11th Amendment immunity. The Department of Treasury is clearly a part of the state for purposes of sovereign immunity. See, *Perry v Se Boll Weevil Eradication Foundation*, 154 Fed Appx. 467, 473 (6th Cir. 2005). Essentially, the court looks to the state's constitutional, statutory and decision law to determine the entities' treatment, funding and other factors. A review of these factors clearly establishes the Michigan Film Office and Michigan Department of Treasury are alter egos or arms of the state and are not citizens under 28 U.S.C. 1332 so cannot be used to establish diversity jurisdiction.

**III.     Plaintiff's named support for venue does not establish proper venue in this district court in accordance with 28 U.S.C. 1391.**

In the Complaint, the named reason for venue in the Federal District Court, Eastern District of Michigan is the location of Defendants. (Complaint, Ct. Dkt #1, ¶10). However, Defendants Michigan Film Office and Michigan Department of Treasury are both located in Lansing, Michigan, which is in the Federal District Court, Western District, Michigan. Decisions relating to the film tax credit application at issue were handled by the Defendants' Lansing offices. When a defendant raises a venue challenge, the plaintiff has the burden of proving venue is proper in his chosen district. *Steelcase, Inc., v Mar-Mol Co.,* 210 F. Supp. 920, 936 (W.D. Mich. 2002). The Complaint indicates Plaintiff is a resident of New York. The Complaint's allegations do not identify any activity by Defendants (located within the western district of Michigan), which occurred in the eastern district of Michigan. See *Frank v University of Toledo*, 2006 WL 1555986 (E.D. Mich. 2006). Thus, venue in the eastern district is improper and this case should be dismissed under Fed. R. Civ. P. 12(b)(3).

**IV.     The court should decline to exercise pendant jurisdiction over state law claims in counts 1-6 of the Complaint and should decline to consider counts 7 and 8 relating to due process and equal protection claims with sole reference to state law.**

The federal court may not enjoin state officials from violating state law. *Pennhurst State School and Hospital et al v Halderman et al*, 465 U.S. at 89; *McNeilus Truck & Mfg, Inc. v Ohio ex rel. Mongomery*, 226 F.3d 429, 438-39 (6th Cir. 2000). In the instant case, the court is without jurisdiction for the reasons cited above, particularly due to Defendants' claim of Eleventh Amendment immunity, to hear either the state or due process or equal protection claims also related to the pendant state claims. *American Express Travel Related Services Inc v Kentucky*, 597 F. Supp. 717 (E.D. Ky. 2009). The court should decline to exercise jurisdiction under 28 U.S.C. 1367.

**V.     Plaintiff fails to state a claim upon which relief can be granted.**

Where the plaintiff fails to state a claim arising under federal law, absent diversity, the federal district court lacks jurisdiction and the complaint must be dismissed. *Hagans v Levine*, 415 U.S. 528, 538 (1974). With regard to these Defendants, the District Court's jurisdiction here is not based on diversity. Furthermore, federal courts are without authority to direct state officials to conform their conduct to state law. *Pennhurst State School and Hosp. v Halderman*, 465 U.S. at 106. As explained below, the Complaint fails to set forth any facts supporting any arguable actual constitutional challenges or violations of federal law. Even when viewing the factual allegations liberally, those allegations fail to state a claim. *Haines v Kerner,* 404 U.S. 519, 520 (1972).

As detailed above, there is nothing stated in the Complaint that sets out a viable federal claim, so it is subject to dismissal under Federal Rule of Civil Procedure 12 (b) (6).

8

A.  <u>Declaratory Judgment</u>

As discussed in section I, there is no subject-matter jurisdiction here because Defendants are entitled to 11th Amendment immunity.  Plaintiff's Declaratory Judgment Act (28 U.S.C. 2201-2202) claim, without another basis for jurisdiction, therefore cannot support a Federal District Court's jurisdiction.

The Declaratory Judgment Act provides that in a case of actual controversy, a federal court may "declare the rights and other legal relations" of a party "whether or not further relief is or could be sought."  28 U.S.C. §2201; *Public Service Comm'n of Utah v Wycoff,* 344 U.S. 237, 241 (1952).  While the Act empowers the district court to entertain these actions, it does not compel it to exercise "the jurisdiction thus granted to it."  *Wilton v Seven Falls Co,* 515 U.S. 277, 282 (1995).  In other words, where the district court has jurisdiction to hear a declaratory judgment claim, the power to do so is discretionary and the court may refuse to hear such a claim.  *Foundation For Interior Design Education Research v Savannah College of Art & Design*, 244 F.3d 521, 526 (6th Cir. 2001); *Brillhart v Excess Ins Co of Mexican*, 316 U.S. 491, 494 (1942); *Grand Trunk Western RR Co v Consolidated Rail Corp,* 746 F.2d 323, 326 (6th Cir. 1984, quoting E. Borchard, DECLARATORY JUDGMENTS 299 2d Ed 1941).

In assessing whether to exercise its discretion to accept jurisdiction in a declaratory judgment action, a district court considers five specific factors.  *Scottsdale Ins Co v Roumph,* 211 F.3d 964, 965, 968 (6th Cir. 2000), quoting *Omaha Prop & Cas Ins Co v Johnson,* 923 F.2d 446, 447-448 (6th Cir. 1991); *Savannah College,* 244 F.3d at 526; *Aetna Casualty & Surety Co v Sunshine Corp,* 74 F.3d 685, 688 (6th Cir. 1996):

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata';

9

>   (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

As the court is without jurisdiction for the various reasons cited above, the balance of factors shows no useful purpose for this Court to entertain this action.

>   B.  Injunctive Relief

Plaintiff here requests injunctive relief.  Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.  *Winter et al v Natural Resources Defense Council et al,* 555 U.S. 7, 28 (2008) citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam).  A party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See, Checker Motor Corp. v Chrysler Corp*, 405 F.2d 319 (2nd Cir. 1969), cert den, 394 U.S. 999 (1969).  Injunctive relief should not be granted unless the party requesting it satisfies the court that he will otherwise suffer irreparable injury.  The Court's frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.  *Winter et al v Natural Resources Defense Council et al,* 555 U.S. at 27 *citing Los Angeles v Lyons,* 461 U.S. 95, 103 (1983*).*

>   The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

>   1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

>   2. Whether the movant has shown irreparable injury.

>   3. Whether the preliminary injunction could harm third parties.

>   4. Whether the public interest would be served by issuing a preliminary injunction.

*Performance Unlimited v Questar Publishers, Inc.,* 52 F.3d 1373, 1381 (6th Cir.1995); *Mason County Medical Ass'n. v Knebel*, 563 F.2d 256, 261 (6th Cir. 1977); *Frisch's Restaurant Inc. v Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985). These factors are not prerequisites to be met, but must be balanced as part of the court's decision whether to grant or deny relief. *Performance Unlimited*, 52 F.3d at 1381. A district court must make specific findings concerning each of these four factors, unless fewer are dispositive of the issue. Fed. R. Civ. P 52(a).

The scope of the inquiry is governed by well-established principles of equity. The Sixth Circuit cautioned:

> There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing [of] an injunction; it is the strong arm of equity, that never ought to be extended unless to cases of great injury, where courts of law cannot afford an adequate or commensurate remedy in damages. The right must be clear, the injury impending or threatened, so as to be averted only by the protecting preventive process of injunction . . . . (citations omitted).

*Detroit Newspaper Publishers Ass'n v Detroit Typographical Union No. 18*, 471 F.2d 872, 876 (6th Cir. 1972).

Since Defendants are entitled to Eleventh Amendment immunity, the four requisite factors for injunctive relief have not been met. Success on the merits in this action is dubious. Balancing all the factors weighs heavily in Defendants' favor. Plaintiffs fail to state a claim upon which relief can be granted. Thus, this action should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

C. <u>Damages</u>

Plaintiff seeks damages in its claim for relief. However, as described in section I of the Argument above, Defendants, under the Eleventh Amendment are immune in federal court from

11

claims for monetary damages.  See, *Abick v State of Michigan*, 803 F.2d 874, 876 (6th Cir. 1986) (holding Michigan and its agency, the State Judicial Council, under the eleventh amendment, are immune from an action for damages or injunctive relief in federal court.)

## CONCLUSION

This Court should dismiss the Complaint because (1) the Defendants claim immunity under the U.S. Const Am XI, (2) there is no diversity jurisdiction, (3) venue is improper in this court and (4) Plaintiffs fail to state a claim upon which relief can be granted.

Consequently, for all the reasons noted above, Defendants respectfully request that the Complaint be dismissed under Fed. R. Civ. P. 12(b)(1), (2), (3) or (6); that Defendants be awarded attorney's fees, costs and expenses in defending this action and that Plaintiff's request for attorney's fees, costs and other expenses be denied.

Respectfully submitted,

Bill Schuette
Attorney General


s/ M. Kathleen Markman_____
M. Kathleen Markman (P44739)
Assistant Attorneys General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162
markmank@michigan.gov

Dated:  July 28, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on **July 28, 2011** I electronically filed a copy of Defendants, Michigan Film Office and Michigan Department of Treasury's Motion to Dismiss and

12

Defendants' Brief in Support of Their Motion to Dismiss with the Clerk of the Court using the ECF system.

    I hereby certify that on **July 28, 2011,** a copy of same was served upon Plaintiff's attorney, by mailing to her address, with proper postage fully prepaid thereon.

                                          s/ Lynette L. Ross_____
                                          Lynette L. Ross

2011-0016658-A\Motion & Brief Dismiss