UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SANDY FRANK PRODUCTIONS LLC,**
a New York limited liability company,

     Plaintiffs,

v.

**MICHIGAN FILM OFFICE**, a governmental agency, and **MICHIGAN DEPARTMENT OF TREASURY, BUSINESS TAX DIVISION,** a Governmental agency,

     Defendants.
_____/

Case No. 11-10933

Hon. Sean F. Cox

DEBORAH K. SCHLUSSEL (P56420)
LAW OFFICE OF DEBBIE SCHLUSSEL
Attorney for Plaintiff
29477 Laurel Woods Drive
Southfield, MI 48034
(248) 354-1409

M. KATHLEEN MARKMAN (P44739)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

_____/

**PLAINTIFF'S RESPONSE & OBJECTION TO DEFENDANTS' MOTION TO DISMISS & BRIEF IN SUPPORT THEREOF**

Plaintiff, Sandy Frank Productions LLC, by and through its attorney Deborah K. Schlussel, hereby provides this Response & Objection to Defendants' Motion to Dismiss & Brief in Support Thereof, and states as follows:

1. Defendants claim that they are entitled to 11th Amendment immunity because they are state agencies.  Plaintiff wishes to amend the Complaint in the instant action to include individuals who are officers of said agencies.  Those individuals are already named in the Complaint and their illegal and improper actions are fully detailed in the Complaint.  When a state officer takes an unconstitutional action, as alleged in the Complaint, those individuals do not enjoy 11th Amendment immunity and Plaintiff will be filing a Motion to Amend complaint, shortly, in order to name said officers of the state agencies.  Pursuant to the "Stripping Doctrine," an exception to 11th Amendment immunity carved out in *Ex Parte Young*, 209 U.S. 123 (1908), a state official's authority and immunity as an officer of the state is stripped, though the officer remains subject to the consequences of his or her official conduct, and the state cannot invoke 11th Amendment immunity.

2. Defendants claim that this Honorable Court does not have diversity jurisdiction because Defendants allege that as agencies of the State of Michigan, they cannot be used to establish diversity jurisdiction pursuant to 28 U.S.C. 1332.  Again, Plaintiff wishes to amend Complaint in the instant action to include individuals who are citizens of the State of Michigan, which will re-establish complete diversity jurisdiction.  Further, the federal questions at issue and raised in the Complaint remain and maintain continued jurisdiction by this Honorable Court in the instant action.

3. Plaintiff's basis for venue in the Eastern District of Michigan in accordance with 28 U.S.C. 1391 is, in fact, proper and is not inaccurate, as all events and transactions in the instant action took place in Oakland County, which falls in the Eastern District of Michigan. Plaintiff wishes to amend Complaint to add and clarify that and will file a Motion to Amend shortly.  28 U.S.C. 1391 provides:

>  (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in  . . .
>
>  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred

28 U.S.C. 1391 further provides:

> b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in  . . .
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. 1391.  The television program at issue in the instant action was cast, planned, shot, edited, etc. in Oakland County, Michigan in various municipalities, including Southfield, Novi, and Farmington Hills, all of which fall in the Eastern District of Michigan.  And as noted in the Complaint, venue in the instant action is not based solely on diversity of citizenship.  Therefore, venue is proper, and the instant action should not be dismissed.  However, even if venue was within the Western District of Michigan, the proper course of action would have been to transfer the instant action to the Western District of Michigan, not to dismiss the instant action.

    4.   Defendants claim that this Honorable Court has no jurisdiction or should decline to exercise supplemental jurisdiction over alleged violations of state statutes or state law.  However, Plaintiff's complaint in the instant action includes several counts involving violation of federal law and/or concerning federal questions, thereby giving this Honorable Court supplemental jurisdiction over the state issues involved.  Further, the Supreme Court's decisions in *Ex Parte Young*, 209 U.S. 123 (1908), and *Edelman v. Jordan*, 415 U.S. 651 (1974), hold that federal courts have jurisdiction in cases involving unconstitutional actions taken by state officers,

3

as alleged in Plaintiff's Complaint, since the officers were acting outside the scope of what a State could authorize them to do they were stripped of their power. These powers were granted to federal courts to protect the Constitution's Supremacy Clause and prevent otherwise immune states from taking unconstitutional actions with impunity, invalidating the supremacy of our Constitution.

However, even if the matters of Michigan law involved in the instant action required a court of the State of Michigan to decide the instant action, then the proper procedure would not be to dismiss the instant action but to remove the instant action to Oakland County Circuit Court, where another case involving similar issues regarding the Michigan Film Tax Credit portion of the Michigan Business Tax Act was recently decided.

Defendants claim that the District Court may decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. 1367 (c), which states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367 (c). Defendants must show that Plaintiff's claims under state law substantially predominate over its federal claims and that this Honorable Court has dismissed all claims over which it has original jurisdiction. Defendants have made no such showing. And, in fact, if and when Plaintiff's impending Motion to Amend Complaint is granted by this Honorable Court, Plaintiff will add state officers as Defendants, over whom this Honorable Court will have jurisdiction regarding various federal claims made in the Complaint.

5. Defendants claim that because Defendants violation of Plaintiff's 14th Amendment due process and equal protection rights, as detailed in the Complaint, was committed in exercise of denying Plaintiff various rights under the Michigan Business Tax Act, that this somehow means this is not a violation of federal law or United States Constitutional law.  That is incorrect. Defendants' behavior in denying Plaintiff his due process and equal protection in connection with Defendants' exercise of the Michigan Business Tax Act and the denial of the Michigan Film Tax Credit did, in fact, violate Plaintiff's rights pursuant to the 14th Amendment and United States Constitutional law.

6. Defendants claim that Plaintiff fails to state a claim upon which relief can be granted. In fact, in its Complaint, Plaintiff identified voluminous claims, several counts, and many facts to back up those claims.  Defendants use of the vague boilerplate that Plaintiff fails to state a claim upon which relief can be granted, fails to specifically refute the several counts in the Complaint upon which relief can be granted.  This Honorable Court need only review the Complaint to note that in fact Defendants' claim with regard to this is absolute incorrect.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss the Complaint, and deny Defendants' request for attorney's fees, costs, and expenses.  Further, Plaintiff respectfully requests that this Honorable Court deny

Defendants' request to deny Plaintiff's claim for attorney fees, costs, interest and expenses.

Respectfully submitted,

By: s/Deborah K. Schlussel
Deborah K. Schlussel (P56420)
Law Offices of Debbie Schlussel
29477 Laurel Woods Drive
Southfield, MI  48034
(248) 354-1409
WriteDebbie@gmail.com

Dated:  August 18, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

By: /s/Deborah K. Schlussel
Deborah K. Schlussel (P56420)
Attorney for Plaintiffs
LAW OFFICE OF DEBBIE SCHLUSSEL
29477 Laurel Woods Drive
Southfield, MI  48034
(248) 354-1409
writedebbie@gmail.com

Date:  August 18, 2011