STATE OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY FRANK PRODUCTIONS LLC,
a New York limited liability company,

    Plaintiffs,

v

MICHIGAN FILM OFFICE, a governmental
Agency, and MICHIGAN DEPARTMENT OF
TREASURY, BUSINESS TAX DIVISION, a
Governmental agency,

    Defendants.

Case No. 2:11-cv-10933-SFC-MKM

HON. SEAN F. COX

_____

Deborah K. Schlussel (P56420)
Attorney for Plaintiffs
29477 Laurel Woods Drive
Southfield, MI 48034
248-354-1409

_____

M. Kathleen Markman (P44739)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162
_____/

**REPLY BRIEF OF DEFENDANTS TO PLAINTIFF'S RESPONSE AND
OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

**ARGUMENT**

Sandy Frank Productions in its Response (Docket #15) essentially admits the court is without jurisdiction in this matter. Defendants, Michigan Film Office and Michigan Department of Treasury, both state governmental agencies, are entitled

1

to 11th Amendment immunity for the reasons noted in Defendants' Motion to Dismiss. (Docket #10, brief pp. 4-6). Plaintiff cannot amend a complaint to add additional claims or parties by referencing this possibility in its Response. Should a motion to amend the complaint be filed and granted in accordance with Fed .R. Civ. P. 15, Defendants will respond and argue additional points at that time. Without knowing the reference, Defendants cannot respond to Plaintiff's broad assertions regarding unnamed officers allegedly "acting outside the scope of what a State could authorize them to do." (Docket #15, p. 4). There is no mention of any such action or even what this means.

Furthermore, state officials are also generally entitled to 11th Amendment immunity. Plaintiff's references to a "stripping doctrine" in *Ex Parte Young*, 209 U.S. 123 (1908) a case involving a state official as party defendant is misplaced and inapplicable to the instant case filed. (Docket #15, p. 2,3). In *In re Young*, the court held that Minnesota laws regarding railroad rates were unconstitutional then held the state official could be enjoined from prosecuting violations of such unconstitutional laws. This was narrow exception to the grant of 11th Amendment immunity to state officials where a citizen seeks prospective injunctive relief. Certainly, in the instant case there is no assertion that the underlying state statute relating to film tax credits is unconstitutional.[1] In fact, Plaintiffs want to claim film tax credits. Nor do Plaintiffs claim only prospective injunctive relief. The second inapplicable case involving state officials cited by Sandy Frank, *Edelman v*

---

[1] MCL 125.1455, the statute providing the basis for film tax credits as well as the Michigan Business Tax is repealed by 2011 PA 39 when conditions applied by enacting section 1 of that act are met.

2

*Jordan*, 415 U.S. 651 (1974), (Docket #15, 3-4), was a class action lawsuit against Illinois state officials who administered federal-state Aid to the Aged, Blind, or Disabled in which, the Plaintiffs alleged that the federal-state program monies had been administered in a way that violated both federal laws and the 14th Amendment to the U.S. Constitution and requested the state to pay back funds withheld from the plaintiffs. Due to the sovereign immunity recognized in the 11th amendment, this relief was denied. The Court further held that certain equitable relief against state officials may still be barred by the Eleventh Amendment. To succeed on a claim for prospective injunctive relief against a state official, a plaintiff must first prove that the state official's conduct violated federal law. The federal court may then award an injunction that governs that official's future conduct. In the instant case no violation of federal law is alleged nor is there a violation of any clearly established constitutional right as is required. *Harlow v Fitzgerald*, 457 U.S. 800 (1982), *Russo v City of Cincinnati*, et al, 953 F2d 1036 (6th Cir. 1992). Second, a plaintiff must prove that a real and imminent danger of irreparable injury in the future exists. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Los Angeles v Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v Littleton*, 414 US 488, 496; 94 S Ct 669; 38 L Ed 2d 674 (1974)).

Sandy Frank further speculates about various courts which may have jurisdiction over the film tax credit issue. As was indicated in Defendants' Brief in support of their Motion to Dismiss (Docket #10, brief p. 2, see e.g. footnote 3), the

3

film tax credit, if granted, is credit against the Michigan Business Tax. MCL 208.1455(5), (8).[2] Resolution of state tax issues are within the jurisdiction of the Michigan Department of Treasury and State Court of Claims. MCL 205.1. MCL 208.1513.[3] MCL 208.21. MCL 208.22. *Tyson Foods, Inc. v Department of Treasury*, 276 Mich. App. 678, 684-685; 741 NW2d 579, 582-83 (2007).

Consequently, this claim should be dismissed under Fed. R Civ. P. 12 (b)(1), (2),(3) or (6), Plaintiff's request for attorney's fees, costs and other expenses should be denied and Defendants' request for attorney's fees, costs and expenses in defending this claim should be granted for the reasons noted here and in our Motion to Dismiss.

Respectfully submitted,

Bill Schuette
Attorney General

s/ M. Kathleen Markman
M. Kathleen Markman (P44739)
Assistant Attorneys General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

Dated: September 2, 2011

2011-0016658-A\Sandy Frank v Film Office/Reply Brief

---

[2] MCL 125.1455, the statute providing the basis for film tax credits as well as the Michigan Business Tax is repealed by 2011 PA 39 when conditions applied by enacting section 1 of that act are met.

[3] MCL 125.1455, the statute providing the basis for film tax credits as well as the Michigan Business Tax is repealed by 2011 PA 39 when conditions applied by enacting section 1 of that act are met.

4

## CERTIFICATE OF SERVICE (e-file)

I hereby certify that on September 2, 2011, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

s/ M. Kathleen Markman
M. Kathleen Markman (P44739)
Assistant Attorney General
Attorney for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162
markmank@michigan.gov
